1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD C. BURCHETT,

        Plaintiff,

    v.

TRACY JOHNSON, and BRAD DUDLEY,

        Defendants.

Case No.  C05-5514RJB

ORDER DIRECTING SERVICE
BY UNITED STATES
MARSHAL AND PROCEDURES

Having reviewed the record the court orders as follows.

(1)    <u>Service by United States Marshal</u>.

It is hereby ORDERED that the United States Marshal shall send the following to each named defendant by first class mail: a copy of the Amended Complaint and of this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.  All costs of service shall be advanced by the United States.  The Clerk shall assemble the necessary documents to effect service

(2)    <u>Response Required</u>

Defendants shall have **thirty (30) days** within which to return the enclosed Waiver of Service of Summons.  Each defendant who timely returns the signed Waiver shall have **sixty (60) days** after the date designated on the Notice of Lawsuit to file and serve an answer or a motion directed to the complaint, as permitted by Rule 12 of the Federal Rules of Civil Procedure.

ORDER
Page - 1

1        Any defendant who fails to timely return the signed Waiver will be personally served with a

2  summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule

3  4(d)(2).  A defendant who has been personally served shall file an answer or motion permitted under Rule

4  12 within **thirty (30) days** after service.

5        (3)   <u>Filing and Service by Parties, Generally</u>.

6        All original documents and papers submitted for consideration by the court in this case, and a

7  duplicate of all such papers, are to be filed with the Clerk of this court.  The originals and copies of all such

8  papers shall indicate in the upper right-hand corner the name of the Magistrate Judge to whom the copies

9  are to be delivered.  The papers shall be accompanied by proof that such documents have been served upon

10  counsel for the opposing party (or upon any party acting *pro se*).  The proof shall show the day and

11  manner of service and may be written acknowledgment of service, by certificate of a member of the bar of

12  this court, or by affidavit of the person who served the papers.

13        (4)   <u>Motions</u>.

14        Any request for court action shall be set forth in a motion, properly filed and served.  A party must

15  file and serve with the motion a supporting memorandum.  The motion shall include in its caption

16  (immediately below the title of the motion) a designation of the Friday upon which the motion is to be

17  noted upon the court's calendar.  That date shall be the third Friday following filing of the motion (fourth

18  Friday for Motions for Summary Judgment).  All briefs and affidavits in opposition to any motion shall be

19  filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for

20  consideration of the motion.  If a party fails to file and serve timely opposition to a motion, the court may

21  deem any opposition to be without merit.  The party making the motion may file, not later than 4:30 p.m.

22  on the Thursday immediately preceding the Friday designated for consideration of the motion, a response

23  to the opposing party's briefs and affidavits.

24        (5) <u>Motions for Summary Judgment</u>

25        If one of the parties files a motion for summary judgment pursuant to Federal Rules of Civil

26  Procedure 56, the opposing party should acquaint him/herself with Rule 56.  Rule 56 requires a nonmoving

27  party to submit affidavits or other evidence in opposition to a motion for summary judgment if the moving

28  party has shown the absence of issues of material fact and an entitlement to judgment as a matter of law.  A

ORDER
Page - 2

1  nonmoving party may not rest upon the mere allegations or denials of prior pleadings.  Rather, successful

2  opposition to a motion for summary judgment requires the nonmoving party to set forth, through affidavits

3  or other evidence, specific facts showing a genuine issue for trial.  Failure by the nonmoving party to

4  oppose a summary judgment motion or to present counter evidence could result in the Court accepting the

5  moving party's evidence as the truth, and entering final judgment in favor of the moving party without a

6  full trial.  Rand v. Rowland, 113 F.3d 1520 (9th Cir. 1997).

7  (6)   Direct Communications with District Judge or Magistrate Judge

8  No direct communication is to take place with the District Judge or Magistrate Judge with regard

9  to this case.  All relevant information and papers are to be directed to the Clerk.

10  (6)   Clerk's Action

11  The Clerk is directed to send a copy of this Order and of the General Order issued by the

12  Magistrate Judges to plaintiff.

13  DATED this 16th day of August, 2005.

15  /s/  J. Kelley Arnold
16  J. Kelley Arnold
   United States Magistrate Judge

ORDER
Page - 3