UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD C. BURCHETT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TRACY JOHNSON, *et al.*,<br><br>　　　　　Defendants. | Case No.  C05-5514RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for January 27, 2006 |

This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  The matter is before the court on plaintiff's motion for summary judgment, (Dkt. # 13).  After reviewing the record, the undersigned recommends granting defendants' motion and dismissing this matter as a matter of law.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Donald Burchett is a Washington State inmate who has filed a 42 U.S.C. § 1983 civil rights action alleging that prison staff did not allow him to call "legal counsel" on one of his cases and are "holding legal evidence" that plaintiff submitted to them for photocopying. Complaint (Dkt. # 5) at 3. Plaintiff asserts that the actions of the Defendants were in retaliation for Plaintiff's filing of lawsuits. Id. Defendants in this action, Tracy Johnson and Bradley Dudley, are counselors at the Washington Corrections Center (WCC) in Shelton, Washington.

Plaintiff's motion for summary judgment includes a demand for twenty-five thousand dollars based

REPORT AND RECOMMENDATION
Page - 1

1  entirely on Defendants' answer in which they admitted that "some of plaintiff's legal copies had not been
2  returned to him by July 24, 2005." Answer (Dkt. # 11) at 1.  The court notes that plaintiff's complaint was
3  signed by plaintiff on July 24, 2005.

## DISCUSSION

A summary judgment shall be rendered if the pleadings, exhibits, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In deciding whether to grant summary judgment, the court must view the record in the light most favorable to the nonmoving party and must indulge all inferences favorable to that party. Fed.R.Civ.P. 56(c) and (e). To deny a motion for summary judgment, the court need conclude only that a result other than that proposed by the moving party is possible under the facts and applicable law. Aronsen v. Crown Zellerbach, 662 F.2d 584, 591 (9th Cir. 1981), cert. denied, 459 U.S. 1200 (1983). When a motion for summary judgment is made and supported as provided in Fed.R.Civ.P. 56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). If he does not so respond, summary judgment, if appropriate, shall be rendered against him. Id.

The standard provided by Rule 56 requires not only that there be some alleged factual disputes between the parties, but also that there be genuine issues of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Genuine disputes are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. Id. Summary judgment is appropriate if, viewing the evidence in the light most favorable to the party opposing the motion, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Swayze v. United States, 785 F.2d 715, 717 (9th Cir. 1986)(citing Fed.R.Civ.P. 56(c)); Harlow v. Fitzgerald, 457 U.S. 800, 816 n.26 (1982).

Plaintiff has failed to carry his initial burden of showing that there are no genuine issues of material fact in this case and that he is entitled to judgment as a matter of law. Defendants admitted in their answer only that some documents given to them for copying had not been returned to Plaintiff by the time he

REPORT AND RECOMMENDATION
Page - 2

signed his complaint on July 24, 2005. Defendants explicitly denied Plaintiff's allegations concerning when Plaintiff provided the documents to the Defendants and his allegation that Defendants were "holding" his "legal evidence". Defendants' Answer also explicitly denies all Plaintiff's claims, including his claim of retaliation.

Plaintiff has also failed to establish that he suffered any injury or prejudice to any pending legal action as is required to establish a claim of denial of access to the courts. Lewis v. Casey, 518 U.S. 343, 347 (1996). Plaintiff attempts to establish injury or prejudice by asserting that the delay in copying and returning his legal documents caused him to lose a sure pardon from the Governor. Apart from being entirely speculative, plaintiff's assertion concerning a pardon from the Governor was not raised in the Complaint. Additionally, plaintiff has presented no admissible evidence to support his claim that the defendants actions case cost him a reasonable chance of obtaining a pardon from the Governor.

Plaintiff has submitted no admissible evidence whatever that the defendants in this case violated his constitutional rights. Plaintiff's summary judgment motion contains no legal analysis or authority demonstrating that plaintiff is entitled to judgment as a matter of law, and plaintiff has not met his burden of demonstrating that he is entitled to summary judgment on the issue of liability or the issue of damages.

## CONCLUSION

Based on the foregoing, the Court should DENY plaintiff's motion for summary judgment. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 27, 2006**, as noted in the caption.

DATED this 3rd day of January, 2006.

    /s/ J. Kelley Arnold
    J. Kelley Arnold
    United States Magistrate Judge