UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD C. BURCHETT,

    Plaintiff,

v.

TRACY JOHNSON and BRAD DUDLEY,

    Defendants.

Case No. C05-5514RJB

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on the Report and Recommendation of Magistrate Judge J. Kelley Arnold (Dkt. 18). The court has considered the Report and Recommendation and the file herein.

## I. BACKGROUND

Plaintiff Donald C. Burchett is an inmate and has filed a civil rights complaint against defendants Tracy Johnson and Brad Dudley, counselors at the Washington Corrections Center. Dkt. 5 at 4-5. He alleges that the defendants refused to permit him to call legal counsel to consult about his three pending federal lawsuits. Dkt. 5 at 5. The court notes that the plaintiff is appearing *pro se* in each of the lawsuits to which he refers in his complaint. *See Burchett v. Cook, et al.*, 2:05-cv-00503-RSL-MJB; *Burchett v. Rhit*, 2:05-cv-00907-TSZ-JPD; *Burchett v. Van Buren, et al.*, 2:05-cv-00287-JCC-MAT. He further contends that he sent legal documents to the defendants for copying on July 17 and July 19, 2005, and had not received the documents or copies as of August 16, 2005. Dkt. 5 at 5. Finally, he contends that the defendants arranged to

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

have him transferred in order to prevent him from working on his lawsuits because Mr. Burchett's lawsuits are against the defendants' employer. Dkt. 5 at 5. Mr. Burchett seeks $200,000 in damages and equitable relief. *Id.* at 6. In their answer, the defendants admit that some of Mr. Burchett's legal documents and copies were not returned to him by July 24, 2005. Dkt. 11 at 1. Mr. Burchett moves for summary judgment on his claims, contending that the defendants' actions caused him to be denied a pardon from the Governor. Dkt. 13.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will

1  discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial
2  to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).
3  Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be
4  "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

5  **B. CIVIL RIGHTS CLAIMS**

6  Mr. Burchett's claims are premised upon the theory that the defendants' actions deprived
7  him of access to the courts. Inmates have a fundamental constitutional right of access to the
8  courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring
9  to court a grievance the inmate wishes to present. *Id*. at 354. The Supreme Court has recognized
10 two classes of access cases. The first concerns actions that are presently frustrating the plaintiff's
11 attempts to access the court and pursue a claim. *Christopher v. Harbury*, 536 U.S. 403, 413
12 (2002). Such cases are aimed at placing the plaintiff in a position to pursue a separate claim for
13 relief once the frustrating element is remedied.

14 The second category concerns actions that previously frustrated a litigant's efforts at
15 accessing the courts in such a way that the suit can no longer be properly litigated. *Id.* at 414.
16 Plaintiffs in this category contend that the defendants' actions resulted in the unfavorable
17 disposition of a meritorious case. *See id.* The goal of these cases is to provide plaintiffs with relief
18 that is unobtainable in future suits. *Id.* Mr. Burchett falls within this second category, claiming
19 that he was denied a pardon as a result of the defendants' actions.

20 In either case, "the right [of access to the courts] is ancillary to the underlying claim,
21 without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415. This
22 underlying claim must be arguable and nonfrivolous. *Lewis*, 518 U.S. at 353 n.3, 343. Mr.
23 Burchett has not provided the court with any information concerning his attempt to seek a pardon
24 from the Governor or the basis for its denial. The court cannot conclude as a matter of law
25 whether this underlying claim was arguable and nonfrivolous. The court should therefore adopt
26 the Report and Recommendation and deny the plaintiff's motion for summary judgment.

27
28

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT - 3

# III. ORDER

Therefore, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge J. Kelley Arnold (Dkt. 18) is **ADOPTED**, and the Plaintiff's Motion for Summary Judgment (Dkt. 13) is **DENIED**.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 27th day of January, 2006.

Robert J. Bryan
United States District Judge